IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES GLOSHEN, Heir at Law of<br>June I. Gloshen, deceased,<br><br>                Plaintiff,<br><br>vs.<br><br>LIFE CARE CENTERS OF AMERICA, INC.<br>(d/b/a Life Care Center of Burlington, Kansas),<br><br>                Defendant. | Case No. 12-cv-2080 JAR/JPO |

## COMPLAINT

Plaintiff Charles Gloshen, heir at law of June I. Gloshen, deceased, for his causes of action against defendant Life Care Centers of America, Inc. (d/b/a Life Care Center of Burlington, Kansas), states and alleges as follows:

### Parties

1. Plaintiff Charles Gloshen is a resident of the state of Missouri residing at Route 1, P.O. Box 1167, Wheatland, MO 65779.

2. Plaintiff was at all times material hereto the lawful spouse of June I. Gloshen, deceased.

3. Plaintiff brings this wrongful death action pursuant to K.S.A. § 60-1901 *et. seq*. on behalf of himself and all other heirs at law of June I. Gloshen, deceased.

4. Defendant Life Care Centers of America, Inc. (d/b/a Life Care Center of Burlington) (hereinafter collectively "Life Care") is a Tennessee corporation with its principal place of business located at 3570 Keigh Street NW, Cleveland, Tennessee 37312.

5. Life Care's registered agent for service of process in the state of Kansas is The Corporation Company, Inc., 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

6. At all times relevant hereto Life Care, through its physicians, nursing staff, health care providers, employees and agents, actual, apparent or otherwise, operated, managed, maintained and controlled Life Care located at 601 Cross Street, Burlington, Kansas 66839-1105.

7. Life Care is a skilled nursing facility within the meaning of the Requirements for Long Term Care Facilities set forth in 42 C.F.R. § 483 *et seq.,* and is subject to the regulations set forth therein.

8. As a skilled nursing facility, Life Care is also subject to the requirements set forth in the Developmental Disabilities Reform Act, K.S.A. § 39-1801, *et. seq*.

9. Life Care is an adult care home within the meaning of the Kansas Administrative Regulations governing Licensure of Adult Care Homes as set forth in Kansas Administrative Regulations §§ 28-39-144 - 28-39-174, and is subject to the regulations set forth therein.

10. All actions and omissions of Life Care's physicians, medical staff, nursing staff, health care providers, employees and agents, actual, apparent or otherwise, as described herein, were performed within the scope of their duties as employees and agents of Life Care, and Life Care is vicariously liable for the acts and/or omissions of its physicians, nursing staff, health care providers, employees and agents, actual, apparent or otherwise.

**Jurisdiction and Venue**

11. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) in that this action is between citizens of different states and the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00).

12. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) in that a substantial part of the acts and omissions giving rise to plaintiff's claims occurred in Kansas and Life Care is subject to personal jurisdiction in Kansas.

## Factual Allegations

13. On or about June 5, 2011, Mrs. Gloshen was admitted to Coffey County Hospital in Burlington, Kansas for treatment of a stroke (cerebrovascular accident "CVA").

14. On or about June 10, 2011, Mrs. Gloshen was transferred from Coffey County Hospital to Life Care for monitoring, supervision, continued treatment, physical therapy, occupational therapy, speech therapy and post CVA therapy.

15. At the time of her transfer from Coffey County Hospital to Life Care on June 10, 2011, Mrs. Gloshen was totally disabled, at risk for falling, mentally incapacitated and fully dependent upon others for all of her activities of daily living.

16. On or about June 10, 2011, Life Care accepted Mrs. Gloshen as a resident of Life Care and thereby undertook a legal duty and became contractually obligated to provide appropriate medical, physical and mental care for Mrs. Gloshen's well-being and to provide and ensure that Mrs. Gloshen received reasonable and adequate medical care, medical treatment, medications, supervision, therapy, nutrition, hydration and personal hygiene necessary for a safe and dignified existence.

17. At the time of her admission to Life Care, Life Care knew that Mrs. Gloshen was totally disabled, at risk for falling, mentally incapacitated and fully dependent upon others for all of his activities of daily living.

18. On or about July 15, 2011, Life Care failed to properly supervise and monitor Mrs. Gloshen and she fell and struck her head causing acute subarachnoid hemorrhage with acute intracerebral hemorrhage.

19. Despite Mrs. Gloshen's critical condition, Life Care failed to timely assess Mrs. Gloshen's condition and failed to timely transfer her to an appropriate medical facility for care and treatment.

20. Mrs. Gloshen was ultimately transferred to Coffee County Hospital on July 15, 2011, for evaluation and treatment of the injuries she sustained after falling at Life Center.

21. Mrs. Gloshen died on or about July 19, 2011, at Coffee County Hospital as a direct and proximate result of the injuries she sustained after falling on or about July 15, 2011, at Life Care.

## COUNT I – NEGLIGENCE

22. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Life Care negligently, carelessly and recklessly failed to care for Mrs. Gloshen in the following material respects:

    A. Failing to perform a comprehensive assessment of Mrs. Gloshen.

    B. Failing to develop an appropriate plan to provide Mrs. Gloshen with adequate medical care, medical treatment, medications,

supervision, therapy, nutrition, hydration and personal hygiene necessary for a safe and dignified existence.

    C.    Failing to ensure that Mrs. Gloshen timely received proper nutrition.

    D.    Failing to ensure that Mrs. Gloshen timely received proper hydration.

    E.    Failing to ensure that Mrs. Gloshen timely received appropriate personal hygiene.

    F.    Failing to ensure that Mrs. Gloshen timely received proper medications.

    G.    Failing to adequately monitor and assess Mrs. Gloshen's condition and whereabouts.

    H.    Failing to adequately assess Mrs. Gloshen's risk of falling and failing to take necessary and appropriate measures to prevent her from falling.

    I.    Failing to ensure that Mrs. Gloshen did not fall.

    J.    Leaving Mrs. Gloshen unsupervised in a chair thereby allowing her to fall and sustain the injuries described herein.

    K.    Failing to ensure that Mrs. Gloshen did not develop acute urinary tract infections.

    L.    Failing to ensure that Mrs. Gloshen did not develop aspiration pneumonia and failing to diagnose and treat Mrs. Gloshen's aspiration pneumonia.

M.   Failing to have a sufficient number of qualified staff to ensure that Mrs. Gloshen received appropriate and proper care, treatment and supervision.

N.   Failing to adequately train and supervise its physicians, nursing staff and other health care providers to ensure that Mrs. Gloshen received appropriate and proper care, treatment and supervision.

O.   Violating the provisions of the Requirements for Long Term Care Facilities as set forth in 42 C.F.R. § 483 *et seq.*

P.   Violating the provisions of the Kansas Administrative Regulations governing Licensure of Adult Care Homes as set forth in K.A.R. §§ 28-39-144 - 28-39-174.

Q.   Violating K.S.A. § 39-1430 by failing to provide goods and services which were reasonably necessary to ensure Mrs. Gloshen's safety and well-being and to avoid physical and mental harm to Mrs. Gloshen.

24.   Life Care's negligent, careless and reckless failure to care for Mrs. Gloshen as described herein directly caused or directly contributed to cause her death on or about July 19, 2011.

25.   As a direct and proximate result of Life Care's negligent acts and/or omissions as described herein, plaintiff Charles Gloshen and all other heirs at law of Mrs. Gloshen suffered damages for non-economic loss including mental anguish, suffering and bereavement, loss of society, comfort and companionship, and expenses for the care of Mrs. Gloshen caused by her injuries and economic losses, including the loss of attention, advice, counseling, protection and funeral expenses.

Plaintiff Charles Gloshen prays for judgment on Count I of his claim against defendant Life Care for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and for such other relief as the Court deems just and proper.

## **COUNT II – VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**

26. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Life Care engaged in deceptive acts and practices in connection with a consumer transaction, to wit; representing and advertising that it possessed and would use appropriately skilled and trained personnel in providing of care, treatment, supervision and services to Mrs. Gloshen.

28. Life Care's deceptive acts and practices include, but are not limited to, the following:

   A. Representing that Life Care was properly organized, staffed and equipped to care for, treat and supervise Mrs. Gloshen.

   B. Representing that Mrs. Gloshen would receive appropriate and proper care, treatment and supervision.

29. The aforesaid statements and representations were not true and constitute deceptive acts in violation of the Kansas Consumer Protection Act.

30. As a direct and proximate result of Life Care's violation of the Kansas Consumer Protection Act, plaintiff Charles Gloshen and all other heirs at law of Mrs. Gloshen were injured and damaged as described herein.

31. As a direct and proximate result of Life Care's violation of the Kansas Consumer Protection Act, plaintiff Charles Gloshen has been required to incur legal fees and expenses and he will incur additional legal fees and expenses in the future, all

of which are payable by Life Care in accordance with the provisions of the Kansas Consumer Protection Act.

32. Plaintiff Charles Gloshen is entitled to recover monetary penalties in connection with Life's Care's treatment of Mrs. Gloshen, which are payable by Life Care in accordance with the provisions of the Kansas Consumer Protection Act.

Plaintiff Charles Gloshen prays for judgment on Count II of his claim against defendant Life Care for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and for such other relief as the Court deems just and proper.

## COUNT III – LOSS OF CONSORTIUM

33. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. At all times material hereto plaintiff Charles Gloshen was legally married to Mrs. Gloshen.

35. As a direct and proximate result of the negligence and carelessness of Life Care, its employees, servants, agents, and ostensible agents as set forth herein, plaintiff Charles Gloshen has been deprived of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Mrs. Gloshen, and will be so deprived in the future.

Plaintiff Charles Gloshen prays for judgment on Count III of his claim against defendant Life Care for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Charles Gloshen hereby requests a trial by jury in the above-captioned case.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff Charles Gloshen hereby designates Kansas City, Kansas as the place for trial in the above-captioned case.

HAMILTON LAW FIRM LLC

By: _/s/  Patrick A. Hamilton_
Patrick A. Hamilton, KS Bar No. 16154
13420 Santa Fe Trail Drive
Lenexa, KS 66215
PHONE: (913) 888-7100
FAX: (913) 888-7388
patrick@hamilton-lawfirm.com

and

Michael L. Hodges, KS Bar No. 09860
HODGES LAW FIRM CHARTERED
13420 Santa Fe Trail Drive
Lenexa, KS 66215
PHONE: (913) 888-7100
FAX: (913) 888-7388
mikehodges@hodgeslawfirm.com
ATTORNEYS FOR PLAINTIFFS